UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00642-GCM

| ANDRE ANTONIO DAVIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| DONALD J. TRUMP, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1], Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 2], and Plaintiff's letter to the Clerk "requesting to be heard in res ispa [*sic*] loquitor" [Doc. 3].

Pro se Plaintiff Andre Antonio Davis ("Plaintiff") filed a complaint on November 13, 2020, which he purports to bring pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). [Doc. 1]. Plaintiff names 60 individual Defendants, including President Donald J. Trump, Jared Kushner, Ivanka Trump, and William Barr, the United States Attorney General.[1] [Id.]. The Court first addresses Plaintiff's motion to proceed in forma pauperis. Plaintiff's affidavit shows that he has had an average monthly income of $1,849.00 for the past twelve months from disability payments and that he expects to receive the same income next month. [Doc. 2 at 1-2]. Plaintiff reports that he has $100.00 in cash and

---

[1] On September 30, 2020, Plaintiff filed a Complaint substantially similar to the Complaint filed in the instant proceedings, which was noted to be "severely deficient" and dismissed without prejudice on initial review. [Civil Case No. 3:20-cv-00542-FDW-DSC, Doc. 10]. Unlike the dismissed Complaint, however, the instant Complaint also purports to assert claims under the Sherman Act**,** 15 U.S.C. § 1, et seq.; fraudulent misrepresentation; "procedure due process;" breach of contract; defamation; slander; libel; and eminent domain. [See Doc. 1; Civil Case No. 3:20-cv-542, Doc. 1].

$100.00 in his checking account. [Id. at 2]. Plaintiff reports having two "wrecked" motor vehicles worth a combined value of $200.00. [Id. at 3]. Plaintiff also reports that a friend owes him $1,000.00 and that no one relies on him for support. [Id.]. Plaintiff states that he cannot pay the cost of these proceedings because certain car repairs depleted his savings and that his "friend can only pay 150.00 a month that help with gas food cable." [Id. at 5 (errors uncorrected)].

The Court is not satisfied that Plaintiff does not have sufficient funds with which to pay the filing fee. The U.S. Department of Health and Human Services Poverty Guidelines for 2020 provide that the annual poverty guideline for a single individual is $12,760.00. Plaintiff has an annual income of $22,188.00, sufficiently above the poverty threshold. The Court will, therefore, deny Plaintiff's motion. Before the Court will proceed to initial review of Plaintiff's Complaint, the Plaintiff must pay the filing fee in accordance with this Order. <u>The Court notes that Plaintiff's Complaint in the instant action appears to suffer from the same substantial deficiencies as Plaintiff's dismissed Complaint in Civil Case No. 3:20-cv-005420FDW-DSC</u>.

As to Plaintiff's letter addressed to the Clerk of Court [Doc. 3], the Court will strike this letter as improper. Requests for relief must take the form of a motion and should never be directed to the Clerk or to the Judge.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's motion to proceed in forma pauperis [Doc. 2] is **DENIED**.

(2) Plaintiff's letter [Doc. 3] is hereby **STRICKEN** from the record in this matter.

(3) The Plaintiff shall pay the filing fee within 30 days of this Order or his Complaint will be dismissed without prejudice and without further notice to the Plaintiff.

Signed: December 2, 2020

Graham C. Mullen
United States District Judge